IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00347-01-CR-W-NKL |
| REGINALD L. MITCHEM, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On January 5, 2011, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On November 17, 2009, Defendant was indicted with one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). A change-of-plea hearing was held on January 5, 2010. Defendant was present, represented by appointed counsel William Raymond. The government was represented by Assistant United States Attorney Stefan Hughes. The proceeding was recorded and a transcript of the hearing was filed on January 6, 2011 (Doc. No. 24). Following the change of plea hearing, I realized I had neglected to place Defendant under oath before he offered a factual basis for the plea. I, therefore, conducted supplemental hearing on January 7, 2011, during which Defendant provided a sworn factual basis. The proceeding was recorded and a transcript of the hearing was filed on January 10, 2011 (Doc. No. 28).

## II.  AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocations are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing

Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (01/05/11 Tr. at 2-3).

2. On November 17, 2009, an indictment was returned charging Defendant with one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B) (Tr. at 3). Defendant indicated that he understood the nature of the charge (01/05/11 Tr. at 3).

3. The statutory penalty for this charge to which Defendant is pleading guilty is set forth in 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): not more than twenty years imprisonment, a fine of not more than $1,000,000, a supervised release term of not less than three years, and a $100 mandatory special assessment fee (01/05/11 Tr. at 6). Defendant was informed of the penalty range and

indicated that he understood (01/05/11 Tr. at 6).

    4.    Defendant was advised of the following:

        a.    That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (01/05/11 Tr. at 6);

        b.    That he has the right to assistance of counsel throughout the trial (01/05/11 Tr. at 7);

        c.    That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (01/05/11 Tr. at 7);

        d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (01/05/11 Tr. at 7-8);

        e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (01/05/11 Tr. at 8);

        f.    That Defendant has the right to subpoena witnesses to testify on his behalf (01/05/11 Tr. at 8); and

        g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (01/05/11 Tr. at 9).

    5.    Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (01/05/11 Tr. at 9).

    6.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (01/05/11 Tr. at 9-10).

7. Government counsel stated that if this case were to be tried, the government's evidence would be that on March 9, 2007, at approximately 11:08 a.m., Kansas City Police Officers Harris and English were on routine patrol in the area of 27th Street and Prospect Avenue, which is located in Kansas City, Jackson County, in the Western District of Missouri (01/05/11 Tr. at 10-11). During this time, the officers observed two black males located on the northeast corner behind the liquor store (01/05/11 Tr. at 11). The officers observed these two black males conducting what appeared to be a hand-to-hand drug transaction (01/05/11 Tr. at 11). Because of this, the officers approached the males (01/05/11 Tr. at 11). As the officers approached, they observed Defendant palming an object in his right hand (01/05/11 Tr. at 11). They later saw Defendant throw a plastic bag onto the ground with his right hand (01/05/11 Tr. at 11). The bag was recovered; a field test rendered a positive result for the presence of cocaine (01/05/11 Tr. at 11). Defendant was arrested for possession of a controlled substance, taken to police headquarters, and advised of his <u>Miranda</u> rights (01/05/11 Tr. at 11). After waiving his <u>Miranda</u> rights, Defendant denied possessing the drugs (01/05/11 Tr. at 11-12). Further testing of the substance by the Regional Crime Lab revealed it contained 13.35 grams of cocaine base, a Schedule II controlled substance (01/05/11 Tr. at 12).

8. Defense counsel stated that he had reviewed the government's file and felt comfortable recommending his client plead guilty (01/05/11 Tr. at 12).

9. Defendant was placed under oath (01/07/11 Tr. at 2). Defendant stated he was in the general area of 27th and Prospect in Kansas City, Missouri sometime around March 9, 2007 (01/05/11 Tr. at 12; 01/07/11 Tr. at 3). During that time, Defendant possessed approximately 13 grams of cocaine base (01/05/11 Tr. at 12-13; 01/07/11 Tr. at 3). Defendant possessed the cocaine base for purposes of distributing it (01/05/11 Tr. at 13; 01/07/11 Tr. at 3). Defendant knew that possessing

5

the cocaine base was a violation of the law, yet did so knowingly and intentionally (01/05/11 Tr. at 13 01/07/11 Tr. at 3). He did not dispute that the substance tested positive for cocaine base in the amounts alleged by the Government (01/05/11 Tr. at 13 01/07/11 Tr. at 4).

10. Defendant understood that there was not a written plea agreement (01/05/11 Tr. at 14). Instead, there was an oral agreement that Defendant would plead guilty under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) as set forth above (01/05/11 Tr. at 14).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (01/05/11 Tr. at 14-15).

12. Defendant was satisfied with Mr. Raymond's performance (01/05/11 Tr. at 15). There is nothing Defendant asked Mr. Raymond to do that Mr. Raymond did not do (01/05/11 Tr. at 15). Likewise, there is nothing Mr. Raymond has done that Defendant did not want him to do (01/05/11 Tr. at 15).

13. Defendant is 31 years old (01/05/11 Tr. at 15). He has completed the eleventh grade (01/05/11 Tr. at 15). He can read, write and understand the English language (01/05/11 Tr. at 15). He has not had any difficulty communicating with Mr. Raymond (01/05/11 Tr. at 15-16). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty; he was not under the influence of any kind of drug or alcohol (01/05/11 Tr. at 16).

14. Defendant tendered a plea of guilty (01/05/11 Tr. at 17).

### V. ELEMENTS OF THE CHARGED OFFENSES

To sustain a conviction for possession with the intent to distribute cocaine base, the government must prove that: (1) Defendant knowingly possessed cocaine base; and (2) Defendant

intended to distribute the cocaine base. United States v. Boyd, 180 F.3d 967, 979 (8th Cir. 1999)(quoting United States v. Johnson, 18 F.3d 641, 647 (8th Cir. 1994)).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

                                                */s/ Robert E. Larsen*
                                                ROBERT E. LARSEN
                                                United States Magistrate Judge

Kansas City, Missouri
January 12, 2011